National Arbitration & Mediation, LLC, d/b/a NAM, Plaintiff-Respondent,
against
Raymond Schwartzberg & Associates PLLC d/b/a Raymond Schwartzberg Esq., Defendant-Appellant.



Defendant appeals from an order of the Small Claims Part of the Civil Court of the City of New York, New York County (Leticia M. Ramirez, J.), entered October 4, 2017, which denied its motion to dismiss the action.




Per Curiam.
Order (Leticia M. Ramirez, J.), entered October 4, 2017, affirmed, without costs.
Defendant's motion to dismiss this commercial claims action was properly denied. Contrary to defendant's contention, the action was properly commenced in the Commercial Claims Part of the Civil Court by plaintiff, a limited liability company that had its principal office in the State of New York, although not within the City of New York. CCA 1801-A(a) was amended in 1992 to replace the original words therein, i.e., that plaintiff have a "principal office in the city of New York" with the words "principal office in the state of New York". While CCA 1809-A(a) was not similarly amended and still provides that the corporate plaintiff's principal office must be within the City of New York, we agree with the Appellate Term, Second Department, that the failure to amend CCA 1809-A(a) "is an oversight" (Stoessel v Allstate Ins. Co., 28 Misc 3d 129[A], * n 1, 2010 NY Slip Op 51244[U] [App Term, 2nd, 11th and 13th Jud Dists 2010]). Indeed, the Memorandum in support of the legislation indicates that the 1992 amendment was designed to allow "a claimant from New York State, but outside of New York City, to file a commercial claim against a defendant from New York City" (Memorandum of Assemblyman Thomas P. DiNapoli, 1992 NY Leg Ann at 263). This Memorandum further explained that:
"As New York State law is currently written, a commercial claim may not be brought against a New York City business by a claimant from outside the city, even if the claimant is from New York State. The reverse, however, is not true. A New York City claimant can bring suit against a New York State defendant. This legislation corrects that oversight."
(Id.). Thus, it is clear that a New York State claimant, whose principal office is outside New [*2]York City, may file a commercial claim in Civil Court.
We also reject defendant's remaining contentions. Civil Court properly disregarded the typographical error in the certification filed by plaintiff pursuant to CCA 1809-A(c), given the absence of any demonstrable prejudice to defendant (see CPLR 2001).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur.
Decision Date: October 26, 2018